

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**MATTHEW K. MCMINN,**

        **Petitioner,**

v.                               **CRIMINAL ACTION NO. 2:16-cr-140**

**UNITED STATES OF AMERICA,**

        **Respondent.**

### *MEMORANDUM OPINION & ORDER*

Before the Court is Matthew K. McMinn's ("Petitioner") *pro se* Motion to Reduce Supervised Release Term pursuant to 18 U.S.C. § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1(c)(2)(C). Pet'r's Mot. Reduce Superv. Rel., ECF No. 36 ("Pet'r's Mot."). The Government opposed the Motion and Petitioner replied. Resp't's Mem. Opp'n Pet'r's Mot. Reduce Superv. Rel., ECF No. 39 ("Resp't's Mem. Opp'n"); Pet'r's Reply to Resp't's Mem. Opp'n Pet'r's Mot. Reduce Superv. Rel., ECF No. 40 ("Pet'r's Reply"). This matter is now ripe for judicial determination. Upon review, the Court finds that a hearing on this Motion is not necessary.[1] *See* E.D. VA. LOCAL CRIM. R. 47(J). For the reasons set forth below, Petitioner's Motion to Reduce Supervised Release Term is **DENIED**.

### I.   FACTUAL AND PROCEDURAL HISTORY

On October 19, 2016, Petitioner was named in a five-count Indictment, charging him with crimes involving child pornography. Indictment, ECF No. 1. On December 7, 2016, pursuant to a written plea agreement with the Government, Petitioner pled guilty to Count One of the

---

[1] While Petitioner does not seek a hearing, the Court notes that it is unnecessary to hold one regardless because the Court is not modifying any conditions of Petitioner's supervised release. *See* Pet'r's Mot. at 1 ("No hearing is sought in this matter per Fed [*sic*] R. Crim. P. 32.1(c)(2)(B)."); *see also* FED. R. CRIM. P. 32.1(c) (the court must hold a hearing before modifying supervised release conditions unless an exception applies).

Indictment, which charged him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *Id.*; *see also* Guilty Plea Mins., ECF No. 16; Plea Agreement, ECF No. 17.

According to the Presentence Investigation Report ("PSR"), from in or about August 2014 through in or about March 2015, individuals could access a site in which they could share and collect images of minors engaging in sexually explicit conduct (SEC) on the TOR network. Presentence Inv. Report ¶ 5, ECF No. 33 ("PSR"). On or about March 3, 2015, agents with the Federal Bureau of Investigation (FBI) deployed a law enforcement technique to identify the site's registered members. *Id.* Through this technique, agents obtained Petitioner's IP address, his computer name, and his logon name. *Id.* On February 29, 2016, FBI and other law enforcement agents conducted a search of Petitioner's residence pursuant to a search warrant and seized several computers and other electronic media storage items. *Id.* During the search, law enforcement agents spoke with Petitioner at his place of work. *Id.* Petitioner told the interviewing agents that he had been routinely viewing images of minors engaging in SEC on the TOR network. *Id.* Petitioner told agents that he downloaded images of minors engaging in SEC to his computers and to his USB drives. *Id.* On or about April 21, 2016, a Department of Justice Forensic Examiner completed a forensic analysis on the electronic media seized from Petitioner's residence. *Id.* In total, Petitioner was attributed with 1,021 images of child pornography and 55 videos containing child pornography. *Id.* at ¶ 13. Pursuant to §2G2.2 of the United States Sentencing Guidelines, Petitioner was attributed with a total of 5,146 images of child pornography for sentencing purposes. *Id.*

Petitioner was assessed a Criminal History Category of I, Total Offense Level of 28, and had a recommended U.S. Sentencing Guidelines range of 78 to 97 months in prison, followed by five (5) years to life of supervised release. *Id.* at ¶¶ 87-88. On March 23, 2017, the Court sentenced Petitioner to forty-two (42) months' imprisonment followed by twenty (20) years of supervised

release. J., ECF No. 31. On November 13, 2018, Petitioner completed his term of imprisonment and was released from custody to begin his term of supervised release under the U.S. Probation Office. Pet'r's Mot. at 3. As of the date of this Order, Petitioner has served about three-and-a-half (3.5) years of his 20-year term of supervised release.

On July 7, 2021, Petitioner filed the instant *pro se* Motion. Pet'r's Mot. Petitioner asks the Court to reduce his term of supervised release from 20 years to 10 years based on "changed circumstances in [his] case." *Id.* at 2. On August 20, 2021, the Government replied in opposition. Resp't's Mem. Opp'n. On August 31, 2021, Petitioner replied. Pet'r's Reply.

## II.   LEGAL STANDARD

Title 18 U.S.C. § 3583 provides a court with the authority, "in imposing a sentence to a term of imprisonment for a felony or a misdemeanor," to "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment" if not already required by statute. 18 U.S.C. § 3583(a). The purpose of supervised release is "to assist individuals in their transition to community life" and to "fulfill[] rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Title 18 U.S.C. § 3583(e)(2), entitled "Modification of Conditions or Revocation," provides a court with the authority, "after considering the factors" under 18 U.S.C. § 3553(a), to:

> "(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision."

18 U.S.C. § 3583(e)(2). Therefore, "[w]hen a district court considers whether to modify or revoke a condition of supervised release, § 3583(e) authorizes the court to consider the same § 3553(a)

factors" that it must consider when first deciding "whether to impose a term of supervised release, and the duration and conditions of that release." *United States v. McLeod*, 972 F.3d 637, 641 (4th Cir. 2020). Federal Rule of Criminal Procedure 32.1(c) pertains to modifying the conditions of probation or supervised release. In general, the court must holding a hearing before modifying conditions, unless: "(A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." FED. R. CRIM. P. 32.1(c)(1)-(2).

## III.   DISCUSSION

Petitioner's Motion raises two issues before the Court: (1) whether 18 U.S.C. § 3583(e)(2) provides the Court with the discretionary authority to reduce his term of supervised release; and (2) if the Court has such authority, whether it is appropriate to do so.[2]

### A. Whether 18 U.S.C. § 3583(e)(2) Allows a Supervised Release Term Reduction

Petitioner argues that the Court has the jurisdictional and statutory authority to reduce his term of supervised release. Pet'r's Mot. at 3-4. Specifically, Petitioner contends that the Court has "statutory authority to grant early termination to supervised release sentences by 18 U.S.C. § 3583(e)(2)." *Id.* at 3. The Government disagrees, arguing that 18 U.S.C. § 3583(e)(2) "references modifying, reducing, or enlarging the conditions of supervised release, but makes no mention of reducing the term of supervised release itself." Resp't's Opp'n at 3.

As a preliminary matter, 18 U.S.C. § 3583(e)(1) grants a court with the authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by

---

[2] The Court confines its analysis and findings to the narrow issue of its discretionary authority to reduce the length of a term of supervised release under 18 U.S.C. § 3583(e)(2), not under any other grant of authority.

the conduct of the defendant released and the interest of justice." Title 18 U.S.C. § 3583(e)(2) does not pertain to early termination, as Petitioner argues, but rather allows a court to "extend a term of supervised release . . . and . . . modify, reduce, or enlarge the conditions of supervised release." The Government therefore addressed, in part, Petitioner's Motion under § 3583(e)(1), but Petitioner clarified that he intentionally seeks relief under § 3583(e)(2). Resp't's Mem. Opp'n at 4-6 (arguing termination of supervised release is not warranted); *see* Pet'r's Reply at 1 ("I will address the government's arguments against early termination of supervised release. A request, I'll add, I did not make."). Accordingly, the Court will assess the merits of Petitioner's Motion under § 3583(e)(2).[3]

The United States Supreme Court and the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") have not explicitly decided this issue. In analyzing the language of § 3583(e)(2), however, the Supreme Court has understood the statute to confer on districts courts the authority to exercise only two actions: (1) to modify the conditions of supervised release; and (2) to extend the length of the term itself. *See Mont v. United States*, 139 S. Ct. 1826, 1836 (2019) (Sotomayor, J., dissenting) ("During the supervised release term, the court has the power to change its conditions and to extend the term if less than the maximum term was previously imposed.") (citing 18 U.S.C. § 3583(e)(2)); *cf. Johnson v. United States*, 529 U.S. 694, 724 (2000) (Scalia, J., dissenting) (When the district court is "confronted with a [supervised release] violation," it may either "leave the prisoner on supervised release (perhaps with tightened conditions and lengthened term, as § 3583(e)(2) permits) or to impose imprisonment, but not to combine the two."); *see also Johnson*, 529 U.S. at 60 ("[W]hen an individual is incarcerated beyond the proper expiration of

---

[3] Even if the Court were to assess the merits of Petitioner's Motion under § 3583(e)(1), it would nonetheless find that termination is not warranted by Petitioner's conduct or the interest of justice for the same reasons set forth below. *See supra* Section III.B.

his prison term . . . [t]he trial court, as it sees fit, may modify an individual's conditions of supervised release. § 3583(e)(2). Furthermore, the court may terminate an individual's supervised release obligations 'at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice.' §3583(e)(1). Respondent may invoke § 3583(e)(2) in pursuit of relief; and, having completed one year of supervised release, he may also seek relief under § 3583(e)(1).'").

The Fourth Circuit has similarly read § 3583(e)(2) to confine a district court's authority to those two options. *See, e.g.*, *United States v. Allen*, 2 F.3d 538, 539-40 (4th Cir. 1993) ("Congress made its intention clear by providing an introductory sentence of § 3583(e) that must be read in conjunction with subsection (e)(2). Read together these provisions disclose that a court 'may' extend a term of supervised release and 'may' modify the conditions of supervised release."). The Fourth Circuit has also understood these options to apply, specifically, when a defendant violates a condition of supervised release. *See id.* ("The repetition of the verb 'may' indicates that subsection (e)(2) confers authority on a court to punish a person who violates a condition of supervised release in two ways. The first allows the court to extend the term, if a maximum term has not already been imposed. The second grant of authority allows the court to alter the conditions of supervised release. It is apparent that § 3583(e)(2) deals with two subjects—the length of the term and the conditions of release.").

The Seventh and Ninth Circuits, on the other hand, have indicated acceptance of a broader reading of § 3583(e)(2) that grants a district court the authority to reduce the length of a term of supervised release. *See, e.g.*, *United States v. Kappes*, 782 F.3d 828, 846 (7th Cir. 2015) ("The fact that a sentencing judge may reduce or modify terms of supervised release at any time, *see* 18 U.S.C. § 3583(e)(2), may lead the judge to resolve uncertainties at the time of sentencing in favor

of a long but reducible period."); *Mujahid v. Daniels*, 413 F.3d 991, 995 (9th Cir. 2005) ("There 'is a possibility' that [defendant] could receive a reduction in his term of supervised release under 18 U.S.C. § 3583(e)(2).") (quoting *Gunderson v. Hood*, 268 F.3d 1149, 1153 (9th Cir. 2001) ("[T]here is a possibility of the court's reducing or modifying his supervised release under 18 U.S.C. § 3583(e)(2).")).

The remaining sister circuit cases to which Petitioner cites, however, are either irrelevant to or do not support his proposition. *See Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009) (analyzing whether a habeas petition is moot, noting that "[t]he possibility that the sentencing court will use its discretion to modify the length of [defendant's] term of supervised release under 18 U.S.C. § 3583(e), which it may do as long as the reason for doing so is not to offset excess prison time, is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power") (internal citations omitted); *United States v. Pregent*, 190 F.3d 279 (4th Cir. 1999) (petitioner filed a motion with the district court to terminate his supervised release because his initial sentence had been miscalculated); *United States v. Berardini*, 112 F.3d 606 (2d Cir. 1997) (discussing a victim's right to enforce a restitution order after a defendant's term of supervised release expires since "the court's power under § 3583(e) to reduce or modify the terms of supervised release exists 'at any time *prior to the expiration or termination of the term of supervised release.*'") (internal citations omitted) (emphasis in original); *United States v. Spinelle*, 41 F.3d 1056 (6th Cir. 1994) (assessing whether Congress altered the court's authority to terminate supervised release under 18 U.S.C. § 3583(e)(1) when it enacted 21 U.S.C. § 841(b)(1)(C)).

The Court finds that the plain language of § 3583(e)(2) does not confer upon it the discretionary authority to reduce the length of a term of supervised release. Rather, it finds that §

3583(e)(2) only provides the authority to exercise two options: (1) "extend a *term* of supervised release if less than the maximum authorized term was previously imposed"; and (2) "modify, reduce, or enlarge *the conditions of* supervised release." 18 U.S.C. § 3583(e)(2) (emphasis added). While courts occasionally use the two interchangeably, § 3583(e)(2) distinguishes between "a term" and "the conditions of" supervised release. *See, e.g., United States v. Quinn*, 698 F.3d 651, 652 (7th Cir. 2012) ("On remand the judge should consider . . . the interaction between the length and the terms of supervised release. The more onerous the terms, the shorter the period should be."). Specifically, the statute distinguishes between the Court's authority regarding increasing the length of the supervised release term that a defendant faces as part of their sentence and altering the rules or restrictions that a defendant must adhere to while on release. Therefore, "§ 3583(e)(2) deals with two subjects—the length of the term and the conditions of release." *Allen*, 2 F.3d at 539. The Court "may employ either or both" options. *Id.* at 540. Thus, the Court finds that while the statute allows the Court to reduce a *condition* of supervised release, it does not allow the Court to reduce the length of a defendant's *term* of supervised release.

### B. Petitioner's Term of Supervised Release

Even assuming the Court has authority under 18 U.S.C. § 3583(e)(2) to reduce Petitioner's term of supervised release, the Court nonetheless finds it inappropriate and premature to do so. First, the nature and circumstances of Petitioner's offense are serious, involving over 1,000 images and 55 videos containing child pornography. *See* 18 U.S.C. § 3553(a)(1); PSR at ¶ 13. Some of these images and videos portrayed sadistic, masochistic, and violent conduct, some portrayed sexual abuse and exploitation of infants and toddlers, and some portrayed both. *Id.* at ¶¶ 8-11. The National Center for Missing and Exploited Children (NCMEC) also provided a report that these images and videos corresponded to at least 80 different known series of images with a child victim

that had been previously identified by law enforcement. *Id.* at ¶ 12.

The Court recognizes, as it did at sentencing, that Petitioner has suffered from mental health and substance abuse challenges. *See* PSR at ¶¶ 60-68. To address these while incarcerated, Petitioner completed the Residential Drug Abuse Treatment Program (RDAP), for which he received a 12-month reduction from his sentence of imprisonment. Pet'r's Mot. at 3, Ex. 1 at 1. Petitioner also completed the RDAP after-care program. *Id.* at 6. Since his release, Petitioner has taken various courses to address his challenges with his mental health, substance abuse, sex addiction, and pornography addiction. *Id.* at Ex. 1, at 3-13, 17, 23. Petitioner completed the requisite sex offender treatment program and completed core sex offender treatment in February 2020. *Id.* at 9. He currently attends monthly group after-care sex offender treatment sessions and monthly individual sex offender treatment sessions. *Id.* at Ex. 1, at 2. He also receives therapeutic services and disability benefits from the Department of Veterans Affairs. *Id.* at Ex. 1, at 17, 23, 25-26. Moreover, Petitioner went back to school to complete his bachelor's degree and was recently accepted into a graduate program. *Id.* at 6, Ex. 1 at 18-22; Pet'r's Reply at 5, Ex. 1. Further, Petitioner maintains a strong support system of friends and family. Pet'r's Mot. at 11, Ex. 1 at 24. Throughout his term of supervised release thus far, Petitioner has complied with the requirements of his sex offender treatment program and has not exhibited any known non-compliance. *See* 18 U.S.C. § 3553(a)(2)(B).

The Court commends Petitioner for the progress he has made toward living a life free of further criminal conduct. *Id.* However, the Court also recognizes the relatively short period of time that Petitioner has served of his term of supervised release. The Court finds it remains necessary for him to continue to adhere to the conditions of his release and receive rehabilitative services, educational training, and vocational training, in order to ensure, for the sake of Petitioner and the

public, that he continues on his current track. *Id.* at § 3553(a)(2)(C)-(D). In other words, it is premature for the Court to conclude, as Petitioner does, that "there is nearly no chance that [he] will re-offend again in [his] lifetime" and that he "ha[s] no further correctional treatment needs left to be addressed." Pet'r's Mot. at 6, 9. The Court therefore finds that his sentence of 20 years of supervised release remains appropriate and also finds that it does not create any unwarranted sentence disparities. *See* 18 U.S.C. § 3553(a)(4), (a)(6).

In sum, the Court finds that it does not have discretionary authority pursuant to 18 U.S.C. § 3583(e)(2) to reduce the length of Petitioner's term of supervised release and, even if it did, it is not appropriate to do so at present.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED.**

The Court **DIRECTS** the Clerk to provide a copy of this Order to Petitioner, the United States Attorney, and the United States Probation Office.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 23, 2022

Raymond A. Jackson
United States District Judge

UNITED STATES DISTRICT JUDGE